[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 12, 1997
The plaintiff brings this action against the defendant Aetna International, Inc., 151 Farmington Avenue, Hartford, Connecticut claiming in essence that the plaintiff had a contract with the defendant providing certain employee disability benefits which are more favorable to her than those benefits which are set forth in the "Aetna Staff Retirement Plan." The plaintiff bases her claim upon the "Member's Booklet" furnished to her and other employees. The Plaintiff is a citizen of the United States.
Aetna claims, in the motion to dismiss, that Connecticut is an inconvenient forum, under the doctrine of "forum non conveniens." It claims that Hong Kong is a more convenient forum. The court does not accept that proposition. Although witnesses may be in Hong Kong, there is no reason to expect that depositions, if necessary, cannot be taken in Hong Kong. Many of the decisions required to be arrived at involve the interpretation of written documents which are easily available to both parties.
The exorbitant cost of litigating matters in Hong Kong, when CT Page 5051 attorneys charge from $3,900 per day to $25,900 per day is a matter of significant concern. Such a system of justice casts grave doubt upon the access to the courts for persons of ordinary means. It is the avowed public policy of this state that "all courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice, without sale, denial or delay." See. 10, Constitution of 1965.
Further, jurisdiction over Hong Kong is to rest in the Republic of China, a nation which has not been known as a paragon of justice for common citizens. Grave doubt has been expressed as to the status of private litigation when this transition takes place. It appears probable that the right to an appeal will be abolished. This court rejects the contention that Hong Kong is a forum of convenience or that Connecticut is a forum non conveniens.
As to the defendant's claims that the defendant has no authority to make benefit determinations under the Plan, and that the plaintiff has failed to submit her claim to arbitration under the plan, the plain answer is that the plaintiff is not suing for benefits under the plan. She is suing the defendant in breach of contract, claiming that the defendant contracted with her to provide certain benefits regardless of what the plan called for. She is not seeking to enforce the plan. Hence her claims are outside of the plan and, if viable, would not be restricted by the provisions of something which she is not seeking to enforce.
For the reasons set forth herein, the motion to dismiss is denied.
SULLIVAN, L., J.